*IN THE UNITED STATES DISTRICT COURT*
*FOR THE DISTRICT OF SOUTH CAROLINA*
*FLORENCE DIVISION*

| | |
|---|---|
| JET INSURANCE COMPANY, ) | Case No.: 4:25-cv-7983-JD |
| ) | |
| Plaintiff, ) | |
| ) | **COMPLAINT** |
| vs. ) | (*Interpleader*) |
| ) | (*Non-Jury Trial*) |
| MICHAEL BRANDON HUDSON ) | |
| and PAUL KOOMSON, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**TO:  THE DEFENDANTS, MICHAEL BRANDON HUDSON, and PAUL KOOMSON, NAMED ABOVE:**

The Plaintiff, Jet Insurance Company, complaining of the Defendant, Michael Hudson, and the Defendant, Paul Koomson, alleges and says in the following particulars:

## PARTIES, JURISDICTIONAL, AND VENUE ALLEGATIONS

1. The Plaintiff, Jet Insurance Company ("Jet Insurance"), is a corporation organized and existing under the laws of a state other than the State of South Carolina, namely the State of North Carolina with its principal place of business located in Charlotte, North Carolina; however, conducts the business of selling and providing automobile surety bonds to insureds in the State of South Carolina pursuant to *S.C. Code Ann.* § 56-15-320 (Thomson Reuters West 2022) in, among other locations, Horry County and Florence County, under the auspices of and through the authority granted by both the South Carolina Department of Insurance, as well as the South Carolina Department of Motor Vehicles.

2. The Defendant, Michael Hudson ("Mr. Hudson"), is upon information and belief, a resident and citizen of Horry County, South Carolina.

3. The Defendant, Paul Koomson ("Mr. Koomson"), is upon information and belief, a resident and citizen of Florence County, South Carolina.

4. This is both a federal statutory and *Federal Rules of Civil Procedure* interpleader action brought pursuant to Rule 22, *FRCivP*, and 28 *U.S.C.* § 1335 (West Group 1993 and Thomson Reuters West 2022).

5. The jurisdiction of this District Court is based upon the diversity of the parties pursuant to 28 *U.S.C.* § 1332(a) (Thomson/Reuters/West 2016), as well as this District Court's original jurisdiction pursuant to 28 *U.S.C.* § 1335(a) (West Group 1993 and Thomson Reuters West 2022).

6. The amount in controversy in this matter exceeds the sum of $75,000.00 exclusive of interest and costs as required by 28 *U.S.C.* § 1332(b) (Thomson Reuters West 2022), as well as the sum of $500.00 as required by 28 *U.S.C.* § 1335(a) (Thomson Reuters West 2022).

7. All matters and allegations herein contained are within the subject matter and personal jurisdiction of this District Court and venue is proper in this District Court and in the particular Division selected in that this interpleader action arises out of certain transactions which occurred in the City of Myrtle Beach, Horry County, South Carolina.

## FACTUAL ALLEGATIONS
*(The Jet Insurance Surety Bond)*

8. Jet Insurance repeats and realleges each and every allegation heretofore contained in this interpleader Complaint as if fully set forth herein verbatim.

9.      On or about 23 December 2022, Jet Insurance issued a South Carolina Department of Motor Vehicles Motor Vehicle Dealer and Wholesales Surety Bond, bearing Bond No. BX0023398, to Brand Car, LLC ("Brand Car") for its operations located at 1275 U.S. Highway 501, Myrtle Beach, South Carolina 29577.[1]

10.     Upon information and belief, Brand Car purchased the *Jet Insurance Surety* Bond for the purpose of complying with the mandatory provisions of S.C. Code Ann. § 56-15-320(B) (Thomson Reuters West 2022) which required Brand Car to "furnish a surety bond in the penal amount of [F]ifty [T]housand [D]ollars [$50,000.00]"[2] to obtain a license as an automobile dealer in this State.

11.     The *Jet Insurance Surety Bond* provided a surety amount of Fifty Thousand Dollars $50,000.00 to Brand Car at its above-referenced business location in Myrtle Beach, South Carolina. All the terms, conditions, obligations, and duties under and pursuant to the *Jet Insurance Surety Bond* are incorporated herein by reference.

## **FACTUAL ALLEGATIONS**
(*The Alleged Losses*)

12.     Jet Insurance repeats and realleges each and every allegation heretofore contained in this interpleader Complaint as if fully set forth herein verbatim.

---

[1]     *See* South Carolina Department of Motor Vehicles Motor Vehicle Dealer and Wholesales Surety Bond bearing Bond No. BX0023398, issued to Brand Car, LLC on 23 December 2022 (the "Jet Insurance Surety Bond"). A copy of the Jet Insurance Surety Bond is attached hereto as **Exhibit "A"** and incorporated herein by reference as are all other referenced and included exhibits.

[2]     *See* S.C. Code Ann. § 56-15-320(B).

## *Hudson v. Brand Car Litigation*

13. Upon information and belief, on or about 30 August 2023, Mr. Hudson purchased a used 2020 Chevrolet Blazer (the "Chevy Blazer') from Brand Car in a cash purchase.

14. Upon information and belief, after purchasing the Chevy Blazer, Mr. Hudson allegedly discovered that the title of the Chevy Blazer had been branded by the State of Florida.

15. Upon information and belief, after purchasing the Chevy Blazer, Mr. Hudson allegedly discovered that the State of Florida had issued a Certificate of Destruction for the vehicle and deemed it unsafe for use on the highway.

16. Upon information and belief, on or about 26 October 2023, Mr. Hudson sued Brand Car in the Horry County Court of Common Pleas[3] asserting a claim for alleged violations of the *South Carolina Manufacturers, Distributors and Dealers Act* as codified in *S.C. Code Ann.* §§ 15-15-10, *et. seq*. (Thomson Reuters West 2021) seeking the following damages:

    a. Thirty-Thousand and No/100 Dollars ($30,000.00) actual damages;

    b. Automatic doubling of the Thirty Thousand and No/100 Dollars ($30,000.00) actual damages pursuant to under *S.C. Code Ann.* §§ 15-15-110(1) (Thomson Reuters West 2021) for a total of Sixty Thousand and No/100 Dollars ($60,000.00) actual damages;

---

[3] *See* Michael Brandon Hudson v. Brand Car, LLC (Civil Action No. 2023-CP-26-06658, filed 26 October 2023) ("*Hudson v. Brand Car I* Litigation"). A copy of the Complaint in the *Hudson v. Brand Car I* Litigation is attached hereto as **Exhibit "B"**.

      c.    Punitive damages of three times the Thirty Thousand and No/100 Dollars ($30,000.00) actual damages for a total of Ninety Thousand and No/100 Dollars ($90,000.00) punitive damages; and

      d.    Unspecified attorney's fees and litigation costs.

17. Upon information and belief, Mr. Hudson sought judgment against Brand Car in *Hudson v. Brand Car I* Litigation for an amount not less than One Hundred Fifty Thousand and No/100 Dollars ($150,000.00) together with attorney's fees and litigation costs.

18. Upon information and belief, Brand Car answered and responded to Mr. Hudson's allegations in *Hudson v. Brand Car I* on 17 November 2023, denying all the material allegations.

19. Upon information and belief, Mr. Hudson and Brand Car executed a Stipulation of Dismissal (without prejudice) in *Hudson v. Brand Car I* Litigation on 21 March 2025, dismissing the action.

20. Upon information and belief, on or about 10 April 2025, Mr. Hudson again sued Brand Car in the Horry County Court of Common Pleas[4] asserting a claim for alleged violations of the *South Carolina Manufacturers, Distributors and Dealers Act* as codified in *S.C. Code Ann.* §§ 15-15-10, *et. seq*. (Thomson Reuters West 2021) seeking the following damages:

      a.    Thirty-Thousand and No/100 Dollars ($30,000.00) actual damages;

---

[4] *See* Michael Brandon Hudson v. Brand Car, LLC (Civil Action No. 2025-CP-26-03200, filed 10 April 2025) ("*Hudson v. Brand Car II* Litigation"). A copy of *Hudson v. Brand Car II* Litigation is attached hereto as **Exhibit "C"**.

      b.      Automatic doubling of the Thirty Thousand and No/100 Dollars ($30,000.00) actual damages pursuant to under *S.C. Code Ann.* §§ 15-15-110(1) (Thomson Reuter West 2021) for a total of Sixty Thousand and No/100 Dollars ($60,000.00) actual damages;

      c.      Punitive damages of three times the Thirty Thousand and No/100 Dollars ($30,000.00) actual damages for a total of Ninety Thousand and No/100 Dollars ($90,000.00) punitive damages; and

      d.      Unspecified attorney's fees and litigation costs.

21. Upon information and belief, Mr. Hudson sought judgment against Brand Car in *Hudson v. Brand Car II* Litigation for an amount not less than One Hundred Fifty Thousand and No/100 Dollars ($150,000.00) together with attorney's fees and litigation costs.

22. Upon information and belief, Brand Car answered and responded to Mr. Hudson's allegations in *Hudson v. Brand Car II* Litigation on 17 April 2025, denying all the material allegations.

23. Upon information and belief, *Hudson v. Brand Car II* Litigation is still pending in the Horry County Court of Common Pleas.

## *Koomson v. Brand Car Litigation*

24. Upon information and belief, on or about 26 August 2023, Mr. Koomson purchased a used 2016 Ford Explorer (VIN 1FMHK7F8CGA11741) (the "Ford Explorer" from Brand Car for the purchase price of Nine Thousand Seven Hundred and No/100 Dollars ($9,700.00).

25. Upon information and belief, Mr. Koomson allegedly later learned the Ford Explorer had a salvage title and had been declared by the National Motor Vehicle Title Information System - Florida as unsafe for use on the roadway.

26. Upon information and belief, on or about 6 August 2024, Mr. Koomson sued Brand Car in the Horry County Court of Common Pleas[5] asserting claims (a) alleged violations of the South Carolina Unfair Trade Practices Act as codified in S.C. Code Ann. §§ 39-5-10, et. seq. (Thomson Reuters West 2021); (b) alleged violations of the South Carolina Manufacturers, Distributors and Dealers Act as codified in S.C. Code Ann. §§ 15-15-10, et. seq. (Thomson Reuters West 2021); (c) alleged violations of the South Carolina Uniform Commercial Code as codified in S.C. Code Ann. §§ 36-2-103(1)(a), 105(6), 715 (Thomson Reuter West 2021); (d) Breach of the Warranty of Merchantability; (e) Breach of the Warranty of Fitness for a Particular Purpose; (f) alleged violation of the Magnusson-Moss Warranty Act as codified on 15 U.S.C. §§ 2310(d)(1)-(2) (Thomson Reuters West 2022).

27. As the result of his allegedly ill-fated purchase of the Ford Explorer, Mr. Koomson sought the following damages against Brand Car in the Koomson v. Brand Car Litigation:

>   a. For unspecified actual damages which were to then be trebled, together with attorney's fees and litigation costs pursuant to S.C. Code Ann. §§ 39-5-140 (Thomson Reuters West 2021),

---

[5] See Paul Koomson v. Brand Car, LLC (Civil Action No. 2024-CP-26-5370, filed 26 October 2023) ("Koomson v. Brand Car Litigation"). A copy of the Complaint in the Koomson v. Brand Car Litigation is attached hereto as **Exhibit "D"**.

    b.    For unspecified actual damages which were then to be doubled and then were to be trebled as punitive damages, together with attorney's fees and litigation costs pursuant to *S.C. Code Ann.* §§ 56-15-100 (Thomson Reuters West 2021),

    c.    For the difference of the value of the Ford Explorer as warranted versus the value of the Ford Explorer which Brand Car provided to Mr. Koomson for Brand Car's violations of the *South Carolina Uniform Commercial Code*,

    d.    Alternatively, for the market value of the Ford Explorer less the value of the Ford Explorer received; for the Defendant's Breach of the Implied Warranty of Merchantability, and the Breach of the Implied Warranty of Fitness for a Particular Purpose;

    e.    For incidental and consequential damages for Brand Car's violations of the *South Carolina Uniform Commercial Code*, Breach of the Implied Warranty of Merchantability, and Breach of the Implied Warranty of Fitness for a Particular Purpose; and

    f.    For actual damages and attorney's fees and costs for Brand Car's violation of the *Magnusson-Moss Warranty Act*.

28.    On 6 October 2024, after Brand Car failed to Answer and/or otherwise respond to Mr. Koomson's allegations in *Koomson v. Brand Car*, the Horry County Court of Common Pleas ordered Brand Car to be in default and referred the case to the Master-0In-Equity for Horry County.

29.    On 31 December 2024, Mr. Koomson's attorney submitted an *Affidavit of Fees and Costs* seeking attorney's fees in the sum of Eleven Thousand Two Hundred Sixteen and 57/100 Dollars ($11,216.57), together with litigation costs of Three Hundred Forty-Six and 84/100 Dollars ($346.84).

30. On 31 December 2024, Mr. Koomson's attorney submitted an *Affidavit of Fees and Costs* seeking a total claim for attorney's fees and litigation costs of Eleven Thousand Five Hundred Sixty-Three and 41/100 Dollars ($11,563.41).

31. On 3 January 2025, the Master-In-Equity for Horry County issued a *Final Order* awarding Mr. Koomson judgment against Brand Car in the amount of Thirty-Three Thousand Six Hundred Forty-Nine and 71/100 Dollars ($33,649.71).[6]

32. The Horry County Court of Common Pleas lists a registered judgment against Brand Car in favor of Mr. Koomson in the total sum of Thirty-Three Thousand Six Hundred Forty-Nine and 71/100 Dollars ($33,649.71).

33. Upon information and belief, as of the date of the filing hereof, no additional and/or subsequent/modified order has been entered or judgment modified in <u>Koomson v. Brand Car</u> to include Mr. Koomson's claimed attorney's fees and litigation costs of Eleven Thousand Five Hundred Sixty-Three and 41/100 Dollars ($11,563.41).

34. Upon information and belief, Mr. Koomson still asserts and claims he is entitled to recover his allegedly incurred attorney's fees and litigation costs of Eleven Thousand Five Hundred Sixty-Three and 41/100 Dollars ($11,563.41).

## INTERPLEADER ALLEGATIONS
(*The Competing Claims*)

35. Jet Insurance repeats and realleges each and every allegation heretofore contained in this interpleader Complaint as if fully set forth herein verbatim.

---

[6] *See* <u>Final Order</u> issued in <u>Paul Koomson v. Brand Car, LLC</u> on 3 January 2025 (the "<u>Koomson</u> Final Order"). A copy of the <u>Koomson</u> Final Order is attached as **Exhibit "E"**.

## *Mr. Hudson's Claims Against*
## *The Jet Insurance Surety Bond*

36. On 23 April 2025, Mr. Hudson filed an action against Jet Insurance in the Horry County Court of Common Pleas[7] seeking to require Jet Insurance to make payment to Mr. Hudson under the *Jet Insurance Surety Bond* in the total sum of Thirty Thousand and No/100 Dollars ($30,000.00), together with unspecified attorney's fees as actual damages.

37. Jet Insurance has denied Mr. Hudson's material allegations and asserted all applicable affirmative defenses.

38. The *Hudson v. Jet Insurance Litigation* is currently pending in the Horry County Court of Common Pleas.

39. Mr. Hudson has made a claim against Jet Insurance for payment under the *Jet Insurance Surety Bond* for the sum of not less than Thirty Thousand and No/100 Dollars ($30,000.00), together with unspecified attorney's fees and litigation costs.

## *Mr. Koomson's Claims Against*
## *The Jet Insurance Surety Bond*

40. By letter dated 12 February 2025, legal counsel for Mr. Koomson made the following demands to Jet Insurance:

> [We] represent [Mr.] Koomson for [*Koomson v. Brand Car*] . . .and obtained a judgment in [Mr. Koomson's] favor [against Brand Car]. The judgment is for the sum of $33,649.71, which remains unpaid.

---

[7] *See* Michael Brandon Hudson v. Jet Insurance Company (Civil Action No. 2025-CP-26-03618, filed 23 April 2025) (the "*Hudson v. Jet Insurance* Litigation"). A copy of the Complaint in the *Hudson v. Jet Insurance* Litigation is attached as **Exhibit "F"**.

> It has come to our attention that [Jet Insurance] issued a [surety] bond on behalf of [Brand Car], and we believe this [surety] bond is in place to cover any financial obligations arising from such judgments [obtained against Brand Car]. Given that the judgement has been rendered, we respectfully request that [Jet Insurance] honor the [surety] bond and pay the full policy limits to satisfy the judgment on behalf of your insured.
>
> Please consider this letter a formal request for payment of the judgment amount under the [surety] bond. Enclosed, you will find a copy of the judgment and relevant court documents for your review. We would appreciate your prompt attention to this matter and request that you inform us of your position regarding payment as soon as possible.[8]

41. By letter dated 29 April 2025, legal counsel for Mr. Koomson made the following reiterated demands to Jet Insurance:

> This letter serves as a second formal request regarding the outstanding judgment in the amount of $33,649.71 entered in favor of Paul Koomson vs. Brand Car, LLC, covered under the above-referenced [surety] bond.
>
> Despite our prior correspondence dated February 12, 2025, we have yet to receive payment from [Jet Insurance]. As the surety on this [surety] bond, [Jet Insurance is] obligated to satisfy this judgment pursuant to the terms of the [surety] bond agreement.
>
> Please consider this an urgent follow-up and final demand for full payment of the judgment amount [in *Koomson v. Brand Car*] within 10 business days of receipt of this letter. Failure to respond or remit payment will leave us no choice but to pursue further legal remedies.[9]

---

[8] *See* Letter from William Edwards, Esquire of Finklea, Hendrick & Blake, LLC to Jet Insurance Company dated 12 February 2025 (the "12 Feb. 2025 Edwards Letter"). A copy of the 12 Feb. 2025 Edwards Letter is attached as **Exhibit "G"**.

[9] *See* Letter from William Edwards, Esquire of Finklea, Hendrick & Blake, LLC to Jet Insurance Company dated 29 April 2025 (the "29 Apr. 2025 Edwards Letter"). A copy of the 29 Apr. 2025 Edwards Letter is attached as **Exhibit "G"**.

42. Mr. Koomson has made a claim against Jet Insurance for payment under the *Jet Insurance Surety Bond* for the sum of not less than Thirty-Three Thousand Six Hundred Forty-Nine and 71/100 Dollars ($33,649.71).

43. Upon information and belief, Mr. Koomson also may likely claim additional entitlement against the Jet Insurance Surety Bod for his incurred attorney's fees and litigation costs of Eleven Thousand Five Hundred Sixty-Three and 41/100 Dollars ($11,563.41).

44. The collective claims of Messrs. Hudson and Koomson, notwithstanding the existence of one or more other possible claims that may by asserted by parties presently unknown at this time, exceeds the available *Jet Insurance Surety Bond* amount of Fifty Thousand and No/100 Dollars ($50,000.00) which would apply to the dual claims by Mr. Hudson and Mr. Koomson.

45. Jet Insurance is unable to determine how to apportion the *Jet Insurance Surety Bond* amount of Fifty Thousand and No/100 Dollars ($50,000.00) and/or other damage claims between the competing claims asserted by Mr. Hudson and Mr. Koomson, notwithstanding the possibility and/or existence of one or more other possible claims that may by asserted by parties presently unknown at this time.

46. Jet Insurance cannot safely settle any of the competing claims being made by Mr. Hudson or Mr. Koomson until it is determined to whom and what amounts must be paid to Mr. Hudson and Mr. Koomson, respectively.

47. Jet Insurance is not presently aware as of the date of the filing hereof of any other potential and/or possible outstanding claims for which would be subject to payment by Jet Insurance under the *Jet Insurance Surety Bond*.

48. Jet Insurance recognizes and acknowledges it is obligated to pay the Fifty Thousand and No/100 Dollars ($50,000.00) coverage limits of the *Jet Insurance Surety Bond* to resolve all legitimate and proven claims against Brand Car, its covered insured provided by the *Jet Insurance Surety Bond*.

49. The current competing claims of Mr. Hudson and Mr. Koomson, as well as the potential existence of one or more potential claims from all other unknown potential claimants-defendants, are such that Jet Insurance will likely be exposed to the risk of multiple liability provided by the *Jet Insurance Surety Bond*.

50. Jet Insurance is in great doubt as to whether Mr. Hudson and Mr. Koomson are entitled to be paid the total sums which each have respectfully claimed in the first instance from the available Fifty Thousand and No/100 Dollars ($50,000.00) coverage limits provided by the *Jet Insurance Surety Bond*.

51. Jet Insurance is in great doubt as to how to allocate funds in a fair and just manner between Mr. Hudson and Mr. Koomson on the assumption that either or both Mr. Hudson and Mr. Koomson are entitled to be paid the full amounts which they have respectfully claimed in the first instance from the available Fifty Thousand and No/100 Dollars ($50,000.00) coverage limits provided by the *Jet Insurance Surety Bond*.

52. Pursuant to Rule 22 of the *Federal Rules of Civil Procedure*, and 28 *U.S.C.* § 1335, and upon Order of this District Court, Jet Insurance will deposit the entire Fifty Thousand and No/100 Dollars ($50,000.00) representing the available proceeds of the Jet Insurance Surety Bond with the Clerk of Court for this District Court to be retained by the Clerk of Court in an interest bearing account for the benefit of the proper and lawful beneficiaries of such policy proceeds.

53. As Jet Insurance is not contesting the issue of its liability for payment of the available Fifty Thousand and No/100 Dollars ($50,000.00) coverage limits provided by the *Jet Insurance Surety Bond* arising from (a) Mr. Hudson's 30 August 2023, purchase of the Chevy Blazer, as well as (b) Mr. Koomson's 26 August 2023, purchase of the Ford Explorer, for purposes of this Interpleader action, Jet Insurance requests this District Court's judicial determination of Mr. Hudson's and Mr. Koomson's respective competing claims for proceeds under the Jet Insurance Surety Bond.

54. As Jet Insurance is not contesting the issue of its liability for payment of the available Fifty Thousand and No/100 Dollars ($50,000.00) coverage limits provided by the *Jet Insurance Surety Bond* arising from (a) Mr. Hudson's 30 August 2023, purchase of the Chevy Blazer, as well as (b) Mr. Koomson's 26 August 2023, purchase of the Ford Explorer, Jet Insurance respectfully requests this District Court to enter an Order discharging Jet Insurance from liability upon deposit of the available Fifty Thousand and No/100 Dollars ($50,000.00) coverage limits provided by the *Jet Insurance Surety Bond* with this District Court.

WHEREFORE, the Plaintiff, Jet Insurance Company, complaining of the Defendant, Michael Brandon Hudson, and the Defendant. Paul Koomson, respectfully requests this District Court to:

    a. Permit Jet Insurance to deposit with the Clerk of Court for this District Court the sum of Fifty Thousand and No/100 Dollars ($50,000.00) representing the total sums available under Surety Bond No. BX0023398 issued by Jet Insurance to Brand Car, LLC;

b. Enter an Order discharging Jet Insurance from liability upon deposit with this District Court of the sum of Fifty Thousand and No/100 Dollars ($50,000.00) representing the total sums available under Surety Bond No. BX0023398 issued by Jet Insurance to Brand Car, LLC;

c. For the costs and disbursements of this action; and

d. For such other relief as this District Court deems just and proper under the circumstances.

Respectfully submitted:

*BUTLER SNOW LLP*

By:  ***s/Stephen P. Groves, Sr.*_____**
Stephen P. Groves, Sr., Esquire
Federal I.D. No. 2490
25 Calhoun Street, Suite 250
Charleston, South Carolina 29401
Telephone:       843.277.3700
Telecopier:      843.277.3701
E-Mail:
    Stephen.Groves@butlersnow.com

*Attorneys for the Plaintiff,*
    *Jet Insurance Company*

Charleston, South Carolina

21 July 2025